# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

Victor Plastics, Inc.,                                        Bky. No. 08-40171-DDO

                                                      Chapter 7

                                     Debtor.

_____

Julia A. Christians, Trustee for the Bankruptcy
Estate of Victor Plastics, Inc.,

                                     Plaintiff,

v.                                                 Adv. Pro. No.09-____

O'Neil Color and Compounding Corp.,

                                     Defendant.

_____

## COMPLAINT

Plaintiff Julia A. Christians, as Chapter 7 trustee for the Bankruptcy Estate of Victor Plastics, Inc., for her Complaint against Defendant O'Neil Color and Compounding Corp., alleges and states as follows:

1.      This adversary proceeding is commenced pursuant to Fed. R. Bankr. P. 7001 et seq. and 11 U.S.C. §§ 547(b) and 550.  This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 7001(1) and Local Rule 1070-1.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  The petition commencing this case under Chapter 11 was filed January 15, 2008.  The case was converted to Chapter 7 on July 25, 2008, and Julia A. Christians was appointed as Trustee for the Chapter 7 bankruptcy estate;  this case is now pending before this Court.

2.    Defendant is subject to jurisdiction in this Court, and venue is proper pursuant to 28 U.S.C. § 1409.

3.    During the 90 days preceding the Petition Date, Defendant O'Neil Color & Compounding Corporation received from Victor Plastics, Inc., ("Debtor") transfers of not less than $15,420.26 (collectively, the "Transfers").

4.    At the time of the Transfers, the Defendant was a creditor of the Debtor.

5.    The Transfers constituted a transfer of an interest of the Debtor in property.

6.    The Transfers were for or on account of antecedent debts owed by the Debtor to Defendant at the time the Transfers were made.

7.    The Transfers were made for the benefit of Defendant.

8.    The Debtor was insolvent at the time of the Transfers.

9.    The Transfers enabled Defendant to recover more than it would receive as a creditor if (a) the Debtor's bankruptcy case were a case under chapter 7 of Title 11 of the United States Code, (b) the Transfers had not been made and (c) the Defendant received payment of its debt to the extent provided by the provisions of Title 11 of the United States Code.

10.    Pursuant to 11 U.S.C. § 547(b), the Transfers are avoidable.

11.    Pursuant to 11 U.S.C. § 550(a), the Trustee may recover from Defendant the avoided Transfers or the value thereof.

12. Repayment of the Transfers was duly demanded by the Trustee by letter dated March 30, 2009.

WHEREFORE, Plaintiff prays for Judgment against Defendant O'Neil Color and Compounding Corp. as follows:

1. For judgment avoiding the Transfers and awarding recovery of $15,420.26, or such other amount as may be determined by the Court, together with interest thereon from March 30, 2009;

2. For recovery of Plaintiff's costs and disbursements herein; and,

3. For such other and further relief as may be equitable and just.

July 16, 2009                     KALINA, WILLS, GISVOLD & CLARK, P.L.L.P.


By: ___*/e/ Gordon B. Conn, Jr.*_____
       Gordon B. Conn, Jr. (#18375)
       Jenna T. Burfeind (#0331867)
6160 Summit Drive, Suite 560
Minneapolis, MN 55430
Tel. (612) 789-9000
Fax (763) 503-7070
conn@kwgc-law.com
burfeind@kwgc-law.com
Attorneys for Plaintiff
Julia A. Christians, Trustee