UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA (Minneapolis)

In re                                               Bk No. 08-40717
                                                    Chapter 7
Victor Plastics, Inc.

      Debtor.
----------------------------------------------

Julia A. Christians,

      Plaintiff,
                                                    Adversary Proceeding No. 09-04155
v.

O'Neil Color and Compounding Corp.,

      Defendant.
----------------------------------------------

## O'NEIL COLOR AND COMPOUNDING CORP.'S
## ANSWER AND AFFIRMATIVE DEFENSES

O'Neil Color and Compounding Corp., ("Defendant"), by and through its attorney, Jones and Associates, answers the Complaint of Julia A. Christians, as Chapter 7 Trustee ("Plaintiff") filed on July 16, 2009 (the "Complaint"), as follows:

1. In response to paragraph 1 of the Complaint, the Defendant denies.

2. In response to paragraph 2 of the Complaint, the Defendant denies.

3. In response to paragraph 3 of the Complaint, the Defendant denies.

4. In response to paragraph 4 of the Complaint, the Defendant denies.

5. In response to paragraph 5 of the Complaint, the Defendant denies.

1

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, the Defendant denies.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, the Defendant denies.

10. In response to paragraph 10 of the Complaint, the Defendant denies.

11. In response to paragraph 11 of the Complaint, the Defendant denies.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

**WHEREFORE**, based upon the foregoing and the Affirmative Defenses set forth below, because the Transfers are not recoverable by the Plaintiff, the Defendant requests that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

Defendant, O'Neil Color and Compounding Corp., through its attorneys, Jones & Associates, LLC, states the following affirmative defenses to this action.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

13. The Plaintiff fails to state a cause of action.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

14. The Plaintiff seeks to disallow the Defendant's claims due to alleged preferential transfers ("Transfers") which the Plaintiff is barred from recovering to the extent that the Transfers were:

    (A) in payment of a debt or debts incurred by the Debtor in the ordinary course of business or financial affairs of Plaintiff and Defendant;

    (B) made in the ordinary course of business or financial affairs of Plaintiff and Defendant, and

    (C) made according to ordinary business terms.

15. Pursuant to 11 U.S.C. 547(c)(2) such Transfers are not avoidable by the Plaintiff and, consequently, the Defendant's claims may not be disallowed.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

16. The Plaintiff seeks to disallow the Defendant's claims due to the Transfers which the Plaintiff is barred from recovering to the extent that the Transfers were:

    (A) intended by Plaintiff and Defendant to or for whose benefit such Transfers were made to be a contemporaneous exchange for new value given to Plaintiff; and

(B) in fact were substantially contemporaneous exchange(s).

17. Pursuant to 11 U.S.C. 547(c)(1) such Transfers are not avoidable by the Plaintiff and, consequently, the Defendant's claims may not be disallowed.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

18. The Plaintiff seeks to disallow the Defendant's claims due to the Transfers which the Plaintiff is barred from recovering to the extent that the Transfers were to or for the benefit of Defendant, to the extent that, after such transfer, Defendant gave new value to or for the benefit of the Plaintiff.

    (A) not secured by an otherwise unavoidable security interest and

    (B) on account of which new value the Plaintiff did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

19. Pursuant to 11 U.S.C. 547(c)(4) such Transfers are not avoidable by the Plaintiff and, consequently, the Defendant's claims may not be disallowed.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

20. The Plaintiff seeks to disallow the Defendant's claims due to the Transfers which the Plaintiff is barred from recovering because at all times relevant to the matters complained of the Plaintiff and all subsidiaries were solvent. Consequently, the Defendant's claims may not be disallowed

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

21. The Plaintiff seeks to disallow the Defendant's claims due to the Transfers which the Plaintiff is barred from recovering, in whole or in part, by the doctrines of waiver and estoppel.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

22. The Plaintiff seeks to disallow the Defendant's claims due to the Transfers which it is barred from recovering by the doctrine of laches and, consequently, the Defendant's claims may not be disallowed.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

23. The Plaintiff lacks standing to bring this action.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

24. Plaintiff's actions are barred under the doctrines of estoppel and of *res judicata* to the extent that this action could have and should have been litigated at the time of Debtor's objections to Defendant's claim, if any, under 11 U.S.C. 502(d).

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

25. The Plaintiff seeks to disallow the Defendant's claims due to the Transfers which the Plaintiff is barred from recovering to the extent that the transferee or

obligee of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation.

26. Pursuant to 11 U.S.C. 548(c) such Transfers are not avoidable by the Debtor and, consequently, the Defendant's claims may not be disallowed.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

27. Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend their answer to assert any such defenses. The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiffs may have in connection with the claims asserted in the Complaint.

**JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS, IF ANY.**

Dated: August 5, 2009

New York, New York

                                      **JONES & ASSOCIATES**
                       *Attorneys for O'Neil Color and Compounding Corp.*

                                      BY: /s/Roland Gary Jones
                                      Roland Gary Jones (RGJ-6902)
                                      1285 6th Avenue Ste 3500
                                      New York, New York 10019
                                      Tel: (212) 554-4404


                                          --and--


Date: __8-12-09_____


J D Haas\s\

J D Haas electronic signature
J D Haas (164173)
Attorney for the Defendant
8151 33rd Avenue South
Suite 208
Bloomington, MN 55425
(952) 854-5044

**CERTIFICATE OF SERVICE**

The Defendant certifies that on____8-12-09_____, (s)he mailed a copy of the foregoing Answer to:
Gordon B. Conn
Jenna T. Burfeind
Kalina Wills Gisvold & Clark PLLP
6160 Summit Drive
Suite 560
Minneapolis, MN 55430
Tel: 612-789-9000
Email: conn@kwgc-law.com
    burfeind@ kwgc-law.com

*Attorneys for Julia A. Christians, Chapter 7 Trustee*


Electronically via the CM/ECF system.



_J D Haas /s/_____
J D Haas